John B. LEONARD; Betty B. Leonard, Petitioners–Appellants,

v.

COMMISSIONER INTERNAL REVENUE SERVICE, Respondent–Appellee.

James V. CREWS; Dorothea G. Crews, Petitioners–Appellants,

v.

COMMISSIONER INTERNAL REVENUE SERVICE, Respondent–Appellee.

Nos. 95–70046, 95–70047.

United States Court of Appeals, Ninth Circuit.

Submitted May 7, 1996.[*]

Decided July 31, 1996.

As Amended Sept. 5, 1996.

---

[*] The panel unanimously finds this case suitable for disposition without oral argument. Fed. R.App. P. 34(a); 9th Cir. R. 34–4.

Peter B. Brekhus, Brekhus, Williams, Webster & Hall, Greenbrae, California, for the petitioners-appellants.

Gary R. Allen, United States Department of Justice, Tax Division, Washington, D.C., for the respondent-appellee.

Before GIBSON,** JOHN T. NOONAN, Jr. and THOMPSON, Circuit Judges.

DAVID R. THOMPSON, Circuit Judge:

John B. Leonard, III, Betty B. Leonard, James V. Crews and Dorothea G. Crews (taxpayers) appeal a decision by the United States Tax Court upholding in part the Commissioner of Internal Revenue's (Commissioner) determination of tax deficiencies for the taxpayers' failure to report as ordinary income the prejudgment interest portion of an inverse condemnation award. The taxpayers also challenge the tax court's method of calculating the amount of attorney fees which is deductible from the prejudgment interest portion of the award. In addition, the Crewses appeal the tax court's upholding of additional penalties assessed against them by the Commissioner for substantial understatement and negligent underpayment of their income tax.

We have jurisdiction pursuant to 26 U.S.C. § 7482(a). We affirm the tax court's determination that the taxpayers' prejudgment interest award is ordinary income and that the Crewses are liable for additional penalties for substantial understatement and negligent underpayment of tax on that income. We reverse the tax court's determination of the amount of deductible attorney fees, and we

** Honorable Floyd R. Gibson, Senior Circuit Judge for the Eighth Circuit, sitting by designation.

remand for recalculation of the tax deficiencies of all of the taxpayers and the penalties assessed against the Crewses.

## FACTS

In 1980, the taxpayers and others (class plaintiffs) sustained flood damage to their personal residences. The City of San Bernadino declared their homes to be uninhabitable and demolished them. The class plaintiffs filed a lawsuit against the City, the County of San Bernadino, and the San Bernadino Flood Control District (collectively, San Bernadino) for inverse condemnation. The plaintiffs' contingent fee contract with their attorneys guaranteed the lawyers twenty-five percent of any amount recovered, including any award of prejudgment interest, plus $125 per billable hour of time spent on the case.

The class plaintiffs won a jury verdict. Their total recovery was $4,101,321, which included court-awarded attorney fees and prejudgment interest. The Leonards' share of the award was $299,036, which included $156,596 of prejudgment interest. The Crewses' share was $216,039, which included $105,183 of prejudgment interest.

Pursuant to their agreement with their counsel, the class plaintiffs owed approximately $1.6 million in attorney fees. The attorney fees consisted of the attorneys' contingency fee plus hourly fees of $125 per hour computed on 4900 hours bills during the case. Of these hours, 142 hours, or three percent of the total hours billed, related solely to obtaining the prejudgment interest award.

The judgment entered in the inverse condemnation action included attorney fees of $700,000 to be paid by San Bernardino. This left a shortfall of $900,000 to be made up by the class plaintiffs. They paid their respective shares of the attorney fees in proportion to the percentage of the award each plaintiff received.

The taxpayers then turned their attention to the preparation of their tax returns. The Leonards hired a certified public accountant (CPA), who determined that the prejudgment interest portion of the award was a

return of capital and thus was not includable as ordinary income. The Leonards filed their return on this basis, treating the prejudgment interest as a capital gain.

The Crewses did not inform their tax preparer of the award. Relying on information they received from other flood victims, they decided the prejudgment interest was not reportable at all; thus, they filed their tax return without any mention of the award.

The Commissioner issued notices of deficiency. The taxpayers challenged these deficiencies in the tax court. The tax court held that the prejudgment interest portion of the award was ordinary income, and that attorney fees attributable to this portion of the award were deductible as an income-producing expenditure. To determine the amount of the deduction, the tax court decided that because the class plaintiffs' attorneys had spent three percent of their total billable hours in obtaining the prejudgment interest portion of the award, three percent of the total amount of attorney fees was properly allocable to the recovery of the prejudgment interest portion of the award.

The tax court also held that the Crewses were liable for penalty additions to their tax for substantial understatement and negligent underpayment of income tax.

## DISCUSSION

### I

■ We review de novo the tax court's determination that the prejudgment interest portion of the taxpayers' award is ordinary income. *Kelley v. Commissioner*, 45 F.3d 348, 350 (9th Cir.1995).

Section 61(a)(4) of the Internal Revenue Code provides that gross income means all income from whatever source derived, including interest. 26 U.S.C. § 61(a)(4). Department of the Treasury regulations provide that interest income includes "the interest portion of a condemnation award." 26 C.F.R. § 1.61–7(a).

■ The taxpayers argue that the prejudgment interest portion of an inverse condemnation award is not income because it is

paid to meet the constitutional mandate of just compensation under the Fifth Amendment. This argument was considered and rejected by the Supreme Court in *Kieselbach v. Commissioner*, 317 U.S. 399, 63 S.Ct. 303, 87 L.Ed. 358 (1943), where the Court held that the prejudgment interest portion of an eminent domain award is ordinary income.

There is no relevant distinction between the eminent domain action in *Kieselbach* and the inverse condemnation action here. Eminent domain and inverse condemnation are two sides of the same coin. In both types of actions, a property owner seeks compensation for the value of his property taken by the government. When payment is delayed pending litigation, the property owner is generally entitled to an additional award to make up for the interest he could have earned if he had been compensated earlier and had put the money to work. The tax court correctly held that the taxpayers' prejudgment interest award was ordinary income.

## II

■ It is undisputed that the taxpayers are not entitled to deduct the entirety of their attorney fees incurred and paid to obtain the award. Although taxpayers generally can deduct expenses to produce income, 26 U.S.C. § 212, they cannot deduct "capital expenditures." 26 U.S.C. § 263.

■ The court determines when to treat attorney fees as deductible by looking at the origin of the claim. *United States v. Gilmore*, 372 U.S. 39, 47–48, 83 S.Ct. 623, 628–29, 9 L.Ed.2d 570 (1963). Attorney fees paid to establish the sales price of property are capital expenditures and therefore not deductible. *United States v. Hilton Hotels Corp.*, 397 U.S. 580, 584, 90 S.Ct. 1307, 1309, 25 L.Ed.2d 585 (1970). Attorney fees paid to obtain interest, which is ordinary income, are deductible. *Kovacs v. Commissioner*, 100 T.C. 124, 133, 1993 WL 46512 (1993), *aff'd by unpublished disposition*, 25 F.3d 1048 (6th Cir.), *cert. denied*, —— U.S. ——, 115 S.Ct. 424, 130 L.Ed.2d 338 (1994).

The tax court determined that the taxpayers could deduct only three percent of the total amount of attorney fees, because only three percent of the attorneys' billable hours were expended to obtain the prejudgment interest portion of the award. We reject this approach, because it ignores the contingent fee portion of the taxpayers' contract with their lawyers, and allocates fees only on the basis of the hourly rate portion of the contract.

The taxpayers argue they should be able to deduct that portion of their attorney fees which is equal to the percentage of the recovery attributable to prejudgment interest. Because prejudgment interest accounted for roughly fifty percent of the total award, they contend they should be entitled to deduct that percentage of the total attorney fees paid.

We also reject the taxpayers' approach, because it would give them a windfall deduction. Using their formula, they would get a deduction of nearly fifty percent of the total fees paid, and yet they did not pay that to obtain the interest portion of the award. According to their contingent fee contract, to obtain the prejudgment interest portion of the award the class plaintiffs paid their lawyers twenty-five percent of the prejudgment interest recovery plus $125 per hour for the hours expended to make that recovery.

We conclude the taxpayers are entitled to deduct what they actually paid their lawyers, according to the contingent fee contract, to obtain their share of the prejudgment interest portion of the award. Thus, they are entitled to deduct twenty-five percent of their proportionate share of the prejudgment interest portion of the award, plus their proportionate share of $17,750 (142 × $125).

## III

■ The Commissioner imposed, and the tax court upheld the imposition of, penalties against the Crewses for negligent underpayment of tax pursuant to 26 U.S.C. § 6653(a)(1) (as in effect for fiscal year 1987), and substantial understatement of tax pursuant to 26 U.S.C. § 6661(a) (as in effect for fiscal year 1987).

The record shows the Crewses decided not to tell their tax preparer about the interest award and decided not to disclose it on their

tax return. They did so in reliance on the advice of neighbors who also participated in the class action. Mr. Crews testified that the neighbors he spoke with told him that they were not reporting any portion of the award and that some of the neighbors said they had been advised by certified public accountants not to report the award. Mr. Crews also testified he did not tell his tax preparer about the award for fear of confusing him.

We conclude that a reasonable taxpayer deciding how to treat an award of prejudgment interest such as the award in this case would not rely simply on the word of neighbors. *See Sammons v. Commissioner,* 838 F.2d 330, 337 (9th Cir.1988) (taxpayer is negligent in underpaying taxes when he fails to do what a reasonable and ordinary prudent taxpayer would do under the circumstances). The Crewses used a tax preparer to assist them in the preparation of their tax return. Their failure to inform him of the interest award is difficult to understand. They committed to him the responsibility of preparing their tax return, but instead of seeking his advice on the tax implications of the interest award, they relied on the tax advice of neighbors, none of whom according to the record had any tax expertise. We agree with the tax court that this is not what an ordinary prudent taxpayer would have done under the circumstances.

We conclude the tax court did not err in determining that the Crewses were liable for penalties for negligent underpayment and substantial understatement of their taxes. The penalties, however, will have to be recalculated in view of the additional deduction of attorney fees to which the Crewses are entitled.

## CONCLUSION

We affirm the tax court's decision that the prejudgment interest portion of the inverse condemnation award is reportable as ordinary income by both the Crewses and the Leonards. We vacate, however, the tax court's deficiency determinations for all of these taxpayers and remand their cases to the tax court for recalculation of their tax deficiencies, applying the proper deductions for attorney fees as set forth in this opinion.

We also affirm the tax court's imposition of penalties against the Crewses for negligent underpayment and substantial understatement of their income tax; however, we vacate the amount of such penalties, and direct the tax court to recalculate the penalties when it recalculates the Crewses' tax deficiency.

Each of the parties shall bear its, his and her own costs on appeal.

AFFIRMED in part, REVERSED in part, and REMANDED.