T.C. Memo. 1997-497


UNITED STATES TAX COURT


JEFFREY A. GLASSMAN and MARY K. GLASSMAN, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No.  27001-95.                    Filed November 5, 1997.


<u>Terrence J. Moore</u>, for petitioner.

<u>Mary Tseng Klaasen</u>, for respondent.


MEMORANDUM FINDINGS OF FACT AND OPINION


FOLEY, <u>Judge</u>:  Respondent determined a deficiency of $17,047.96 in petitioners' 1992 Federal income tax.  Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

After concessions, the issues for decision are whether petitioners' expenditures for legal services, which respondent agrees are deductible pursuant to section 212, are subject to section 67(a), and alternatively whether such expenditures are capital expenditures. We hold that petitioners' section 212 deduction is subject to section 67(a) and that their expenditures are not capital expenditures.

## FINDINGS OF FACT

The parties submitted this case fully stipulated pursuant to Rule 122. At the time Jeffrey and Mary Glassman filed their petition, they resided in Lake Forest, California.

In 1954, Mary Glassman married James M. Oddino. During their marriage, Mr. Oddino was employed by the Hughes Aircraft Company and participated in the Hughes Non-Bargaining Retirement Plan (Hughes Plan). On January 19, 1983, the Superior Court of the State of California, County of Los Angeles (Superior Court), issued an interlocutory judgment that dissolved the marriage and awarded Mrs. Glassman a portion of Mr. Oddino's retirement benefits. On March 24, 1989, the Superior Court issued a Qualified Domestic Relations Order (QDRO) that modified and clarified the interlocutory judgment. The QDRO directed the Hughes Plan to: (1) Pay Mrs. Glassman 36.6231 percent of Mr. Oddino's "accrued benefit[s] as of April 1, 1988"; (2) convert Mrs. Glassman's payout option from a lifetime annuity to an

annuity with a 5-year payout period (i.e., payable in 60 monthly installments); and (3) commence payments on "April 1, 1988, or as soon thereafter as practical."

The Hughes Plan administrator (administrator) calculated Mr. Oddino's "accrued benefit[s] as of April 1, 1988." Under the plan, "accrued benefits" are a function of the employee's age and, in certain instances, years of service. In general, employees who retire at age 65 or older receive full retirement benefits. Employees who retire between the ages of 55 and 64 receive actuarially reduced benefits. Under the "Rule of 75," however, employees between the ages of 55 and 64 can retire and receive full, unreduced benefits if the sum of their age and years of service equals or exceeds 75. On April 1, 1988, the date used to calculate benefits pursuant to the QDRO, Mr. Oddino had not yet retired, was 55 years old, and had worked for Hughes Aircraft for approximately 27 years. In calculating Mrs. Glassman's community share, the administrator did not apply the Rule of 75. Instead, the administrator calculated the accrued benefits in accordance with the general rule for retirees between the ages of 55 and 64. The administrator determined that Mrs. Glassman was entitled to receive sixty $1,563.70 monthly installments, and on March 1, 1990, the administrator commenced payments.

Mrs. Glassman objected to the administrator's determination, and on July 11, 1991, filed a Motion to Show Cause, in which she alleged that the administrator (1) improperly calculated the amount of accrued benefits and (2) unreasonably delayed payments. She contended that the administrator should have applied the Rule of 75 because, on the date specified in the QDRO, Mr. Oddino met the age and service requirements. She asked the court to recalculate her benefits and award interest, attorney's fees, and costs. The Hughes Plan responded that: (1) California law and the Employment Retirement Income Security Act prohibit the plan from using the Rule of 75 to calculate Mrs. Glassman's share of Mr. Oddino's benefits; and (2) the Rule of 75 is an incentive for early retirement that is applicable only if the employee actually retires.

On May 3, 1992, the Superior Court denied Mrs. Glassman's motion and held that the administrator had not erred in its calculation. The California Court of Appeals, Second Appellate District, reversed the lower court's holding and, on July 24, 1996, entered judgment for Mrs. Glassman. The Hughes Plan filed a timely appeal with the California Supreme Court, where the action was pending on the date we held trial.

Petitioners, on their 1992 joint tax return, claimed an $80,468.31 itemized deduction for attorney's fees paid in connection with their litigation against the Hughes Plan. In the

notice of deficiency, respondent determined that the deduction was subject to section 67(a) and that petitioners were subject to the alternative minimum tax.

OPINION

The parties agree that if petitioners' payments relating to attorney's fees are not capital expenditures, such payments are deductible pursuant to section 212. Petitioners' primary contention is that their section 212 deduction for attorney's fees is not subject to section 67(a), which allows miscellaneous itemized deductions only to the extent that such deductions exceed 2 percent of adjusted gross income (the 2-percent floor). Respondent, however, contends that the deduction is subject to the 2-percent floor. We agree with respondent. Section 67(a) expressly permits miscellaneous itemized deductions only to the extent such deductions exceed 2 percent of adjusted gross income. The section 212 deduction is a miscellaneous itemized deduction that is subject to this limitation. Alexander v. Commissioner, 72 F.3d 938, 946 (1st Cir. 1995), affg. T.C. Memo. 1995-51; secs. 63(d), 67(a) and (b); sec. 1.67-1T(a)(1)(ii), Temporary Income Tax Regs., 53 Fed. Reg. 9875 (Mar. 28, 1988). Therefore, petitioners' primary contention is meritless.

In the alternative, petitioners contend that their payments are capital expenditures that increase the basis of Mrs. Glassman's interest in Mr. Oddino's pension benefits. Pursuant

to this theory, petitioners contend that Mrs. Glassman's interest is a capital asset that Mrs. Glassman sold to the Hughes Plan in exchange for 60 monthly payments and that her basis offset funds she received from the plan. For the reasons set forth below we conclude that the payments are not capital expenditures.

Generally, expenses must be capitalized if they are paid to acquire, dispose, defend, perfect title to, or improve property. Sec. 263(a); sec. 1.212-1(k), Income Tax Regs. Petitioners contend that, under the origin of the claim test, their payments are capital expenditures. Because this case is appealable to the Court of Appeals for the Ninth Circuit, we must apply the Ninth Circuit's version of the origin of the claim test. Golsen v. Commissioner, 54 T.C. 742 (1970), affd. 445 F.2d 955 (10th Cir. 1971). In Keller St. Dev. Co. v. Commissioner, 688 F.2d 675, 678 (9th Cir. 1982), affg. T.C. Memo. 1978-350, the Court of Appeals for the Ninth Circuit stated that the origin of the claim test is a 2-step process. Cf. Boagni v. Commissioner, 59 T.C. 708 (1973) (applying a list of factors).

The first step requires us to identify the transaction or event from which the claim originated (i.e., the event that prompted the cause of action and formed the basis of the suit). Keller St. Dev. Co. v. Commissioner, supra at 681. Mrs. Glassman's claim against the Hughes Plan originated from the administrator's calculation and payment of her community share of

retirement benefits. The administrator's actions prompted Mrs. Glassman to file her claim and formed the basis of her cause of action.

The second step requires us to characterize the transaction that we identified in the first step. Id. at 678. Respondent contends that the taxable portion of the income stream from the Hughes Plan is ordinary income. See secs. 61(a)(11), 72, 402(a); Eatinger v. Commissioner, T.C. Memo. 1990-310. Indeed, petitioners consistently reported the taxable portion of all payments from the plan as ordinary income. We conclude that Mrs. Glassman's claim relates to the calculation of benefits under the Hughes Plan, not to a "capital transaction" (e.g., the acquisition, disposition, defense, or protection of title to property). Therefore, petitioners' expenditures are not capital expenditures. See Dye v. United States, 121 F.3d 1399, 1405 (10th Cir. 1997) (stating that expenditures for attorney's fees are not capital expenditures if incurred to secure taxable, ordinary income); see also Leonard v. Commissioner, 94 F.3d 523, 526 (9th Cir. 1996); Parker v. United States, 215 Ct. Cl. 773, 573 F.2d 42, 51 (1978); cf. Pierce Estates, Inc. v. Commissioner, 3 T.C. 875, 892-893 (1944)(holding that expenditures for attorney's fees are not capital expenditures where incurred in litigation over the proper method of calculating how much income

petitioners were entitled to pursuant to their interest in an oil lease).

All other arguments raised by the parties are either irrelevant, moot, or without merit.

To reflect the foregoing,

<u>Decision will be entered under Rule 155</u>.